## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENISE PERRI on behalf of herself and all others similarly situated, <br><br> Plaintiff(s), <br><br> -against- <br><br><br> UNIVERSAL FIDELITY, LP and JOHN DOES 1-25; <br><br> Defendant(s). | Civil Case No.: <br><br><br> **CIVIL ACTION** <br><br> **CLASS ACTION COMPLAINT** <br> **AND** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff, DENISE PERRI on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, UNIVERSAL FIDELITY, LP ("UFLP") and JOHN DOES 1-25, collectively ("Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the State of New York, County of Richmond, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Defendant, UFLP is a foreign limited partnership with a business address located at 16325 Westheimer Road, Houston, Texas 77082.

8.      Upon information and belief UFLP is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      UFLP is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10.      John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendant PRAXIS whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.      Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their

successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint

12.     This Action is properly maintained as a statewide class action. The Class consists of:

- All New York consumers who were sent letters and/or notices from UFLP concerning an Willabee & Ward obligation, which stated in part:

  > **IF YOU NOTIFY UNIVERSAL FIDELITY LP WITHIN 30 DAYS FROM RECEIVING YOUR INITIAL NOTICE, UNIVERSAL FIDELITY LP WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.**
  >
  > and/or
  >
  > **IF YOU REQUEST UNIVERSAL FIDELITY LP WITHIN 30 DAYS AFTER RECEIVING YOUR INITIAL NOTICE, UNIVERSAL FIDELITY LP WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.**

- The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A;** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2

partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether Defendants violated various provisions of the FDCPA;

  b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15. UFLP collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. UFLP is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. Sometime prior to March 14, 2015 Plaintiff allegedly incurred a financial obligation to Willabee & Ward ("W&W").

18. Sometime prior to March 14, 2015 the W&W obligation became past due.

19.     W&W is a "creditor" as defined by 15. U.S.C. §1692a(4).

20.     At some time prior to March 14, 2015 W&W, either directly or through intermediate transactions assigned or placed the W&W obligation to UFLP for the purpose of collection.

21.     At the time the W&W obligation was assigned or placed with UFLP, such obligation was past due.

22.     On or about March 14, 2015 UFLP, caused to be delivered to Plaintiff a letter in an attempt to collect the alleged W&W obligation. A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

23.     The March 14, 2015 letter was sent or caused to be sent by persons employed by UFLP as a "debt collector" as defined by 15 U.S.C. §1692a(6).

24.     The March 14, 2015 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

25.     Upon receipt of the March 14, 2015, letter, Plaintiff read said letter.

26.     UFLP contends that the alleged W&W obligation is past due.

27.     The alleged W&W obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

28.     The March 14, 2015 letter states on the reverse side:

> **UNLESS YOU NOTIFY UNIVERSAL FIDELITY,
> EITHER VERBALLY OR IN WRITING WITHIN 30
> DAYS AFTER RECEIVING YOUR INITIAL NOTICE
> THAT YOU DISPUTE THE VALIDITY OF THIS
> DEBT OR ANY PORTION THEREOF, UNIVERSAL
> FIDELITY LP WILL ASSUME THIS DEBT VALID.**

**IF YOU NOTIFY UNIVERSAL FIDELITY LP WITHIN 30 DAYS FROM RECEIVING YOUR INITIAL NOTICE, UNIVERSAL FIDELITY LP WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST UNIVERSAL FIDELITY LP WITHIN 30 DAYS AFTER RECEIVING YOUR INITIAL NOTICE, UNIVERSAL FIDELITY LP WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.**

## POLICIES AND PRACTICES COMPLAINED OF

29.     It is UFLP's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A;** which violate the FDCPA, by inter alia:

  (a)     Failing to inform the consumer that she must dispute the alleged debt in writing if she wishes UFLP to obtain verification of the debt or a copy of the judgment;  and/or

  (b)     Failing to inform the consumer that she must send a  writing if she wishes UFLP to provide her with the name and address of the original creditor, if different from the current creditor.

30.     On information and belief, UFLP sent a written communication, in the form annexed hereto as **Exhibit A** to at least 30 natural persons in the State of New York.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g(a)(4)

31.     Plaintiff repeats the allegations contained in paragraphs 1 through 30 as if the same were set forth at length.

32.     Collection letters and/or notices such as those sent by UFLP, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

33.     15 U.S.C. §1692(g)(a)(4) states that within five days of the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication, a writing notice containing the follow:

> [A] statement that if the consumer notifies the debt collector in *writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.  [emphasis added].

34.     ULF violated Section 1692g(a)(4) of the FDCPA by failing to inform the consumer that a dispute must be in writing in order to obtain verification of the alleged debt or a copy of a judgment.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATION OF 15 U.S.C. §1692g(a)(5)

35.     Plaintiff repeats the allegations contained in paragraphs 1 through  34 as if the same were set forth at length.

36.     15 U.S.C. §1692(g)(a)(4) states that within five days of the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication, a writing notice containing the follow:

> [A] statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumers with the name and address of the original creditor, if different from the current creditor.[emphasis added].

37.     ULF violated Section 1692g(a)(5) of the FDCPA by failing to inform the consumer that a request for the name and address of the original creditor must be in writing.

**COUNT III**
**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692**
**VIOLATION OF 15 U.S.C. §1692e *et seq.***

38.     Plaintiff repeats the allegations contained in paragraphs 1 through 37 as if the same were set forth at length.

39.     15 U.S.C. §1692e prohibits the debt collector from using any false, deceptive, or misleading representation or means with the collection of any debt.

40.     UFLP violated 15 U.S.C. §1692e by misleading the least sophisticated consumer, who wanted to obtain verification of the debt or a copy of a judgment, into believing that she could such copies by disputing the debt *either* verbally or in writing, when in fact she must dispute the debt in writing.

41.     UFLP further violated 15 U.S.C. §1692e by misleading the least sophisticated consumer who wanted to request the name and address of the original creditor, into believing that she could request such information *either* verbally or in writing, when in fact she must make the request in writing.

**WHEREFORE,** Plaintiff demands judgment against the Defendants on each count as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorney, Joseph K. Jones, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff and the Class actual damages;

(f) Pre-judgment interest;

(g) Post judgment interest;

(h) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(i) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: New York, New York
    September 9, 2015

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.
Law Offices of Joseph K. Jones, LLC
555 Fifth Avenue, Suite 1700
New York, NY 10017
(646) 459-4971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.


*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# EXHIBIT A

P.O. Box 219785
Houston, TX 77218-9785

## Confidential Message



UNIVERSAL FIDELITY, L
OFFICE HOUR!
8:30A.M. TO 9:00P.M. (CST) Mon & We
8:30A.M. TO 5:30P.M. (CST) Tue, Thurs, & F
SE HABLA ESPAÑOL

*To Pay Online, go to www.payuflp.com*
*To Pay by Phone, call: 281-647-4121*

ılılıllılılılllıllllllllllllllllllılıllılıllllıll
Denise Perri

EDP Number: ▮
Date: 3/14/15

**CLIENT INFORMATION**
**RE: WILLABEE & WARD**
**ACCOUNT NO.:** ▮
**BALANCE DUE: $33.90**

**PRODUCT PURCHASED: Colors of the Rainbow Charm Bracelets**

Dear Denise Perri,

The debt that you owe to the above-referenced client has been placed with **Universal Fidelity LP, a national collection agency**, because of our experience in collecting outstanding accounts just like yours.

According to our client's accounting records, you have ignored the terms of this purchase agreement with them.

Universal Fidelity LP offers convenient payment options to help you satisfy this debt. You may **PAY On-line** via our website: www.payuflp.com. To **PAY by Phone**, please call 1-281-647-4121. To **PAY by Mail**, use the attached payment coupon and provided return envelope.

Sincerely,

*Jamie Jackson*

Jamie Jackson
Director of Payment Control

Calls to or from UFLP may be monitored or recorded
for quality assurance. See reverse side for important
consumer information.

This is an attempt to collect a debt and/or subrogation claim and any information obtained will be used for that purpose. This communication is from a debt collector.

CHECKS MAY BE ELECTRONICALLY DEPOSITED
✂ DETACH PAYMENT COUPON AND MAIL IN RETURN ENVELOPE PROVIDED TO ENSURE PROPER CREDIT TO YOUR ACCOUNT ✂

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION AND CHANGE OF ADDRESS**

CDD1 0616 NY 3/14/15

**REQUIRED PAYMENT METHOD: ☐ CHECK ☐ MONEY ORDER**
**☐ CREDIT CARD**

**DEBTOR INFORMATION**

| STATEMENT DATE: | 3/14/15 |
| DEBTOR NAME: | Denise Perri |
| RE: | WILLABEE & WARD |
| EDP NUMBER: | ▮ |
| BALANCE DUE: | $33.90 |
| DATE OF PAYMENT: | ____/____/____ |
| AMOUNT ENCLOSED: | $ _____ |
| CELL PHONE: | (____) ____-____ |
| HOME PHONE: | (____) ____-____ |

IF PAYING BY CREDIT CARD, FILL OUT BELOW.

**VISA** VISA          MasterCard

| CARD NUMBER | | SECURITY/CVV2 CODE |
|---|---|---|
| SIGNATURE | | EXP. DATE |
| CardHolder Name | AMOUNT ENCLOSED  $ | |

**REMIT PAYMENT TO:**

ıllılıılılllllıllllllllllllllılıllllılılıllıllııllı
UNIVERSAL FIDELITY LP
P.O. Box 941911
Houston, TX 77094-8911

PAGE: 1 OF 2

UNLESS YOU NOTIFY UNIVERSAL FIDELITY LP THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, UNIVERSAL FIDELITY LP WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY UNIVERSAL FIDELITY LP WITHIN 30 DAYS FROM RECEIVING YOUR INITIAL NOTICE, UNIVERSAL FIDELITY LP WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST UNIVERSAL FIDELITY LP WITHIN 30 DAYS AFTER RECEIVING YOUR INITIAL NOTICE, UNIVERSAL FIDELITY LP WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

WE ARE REQUIRED UNDER STATE LAW TO NOTIFY CONSUMERS OF THE FOLLOWING RIGHTS. THIS NOTICE DOES NOT CONTAIN A COMPLETE LIST OF THE RIGHTS CONSUMERS HAVE UNDER STATE AND FEDERAL LAW.

**CALIFORNIA RESIDENTS:**
THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8 A.M. OR AFTER 8 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART COLLECTORS, MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT THE DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.

**COLORADO RESIDENTS:**
ON BEHALF OF OUR FIRM AND OUR CLIENT WE ARE PROVIDING THE FOLLOWING NOTICE: A CONSUMER HAS THE RIGHT TO REQUEST THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. YOU MAY ALSO MAKE PAYMENTS IN PERSON TO OUR IN-STATE OFFICE INDICATED BELOW:

IN-STATE OFFICE: 13111 E. BRIARWOOD AVENUE, #340, CENTENNIAL CO 80112.; TELEPHONE: 303-309-3839

**MASSACHUSETTS RESIDENTS:**
*IMPORTANT NOTICE* - YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

**MINNESOTA RESIDENTS:**
THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**NORTH CAROLINA RESIDENTS:**
THIS COLLECTION AGENCY IS LICENSED BY THE COMMISSION OF INSURANCE OF THE STATE OF NORTH CAROLINA, LICENSE NUMBER #101881.

**TENNESSEE RESIDENTS:**
THIS COLLECTION AGENCY IS LICENSED BY THE COLLECTION SERVICES BOARD, STATE DEPARTMENT OF COMMERCE AND INSURANCE, 500 JAMES ROBERTSON PARKWAY, 2nd Floor NASHVILLE, TENNESSEE 37243-1145.

**NEW YORK:**
NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER 1447135.

Within 5 days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, provide the consumer clear and conspicuous written notification of the following:

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

a)the use or threat of violence; b)the use of obscene or profane language; and c)repeated phone calls made with the intent to annoy, abuse, or harass.
For all Debts, The following notice:
"If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare);4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days."

## Change of Address Form   Please print below:

Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Home Phone: (_____) _____-_____ Work Phone: (_____) _____-_____ Cell Phone: (_____) _____-_____

Email Address: _____

Signature: _____